O

# United States District Court
# Central District of California

| | |
|---|---|
| ANKINE ATAMIAN, <br><br> Plaintiff, <br><br> v. <br><br> INLAND COMMUNITY BANK, N.A.; AMERICANWEST BANK; DOES 1–50, inclusive, <br><br> Defendants. | Case № 2:14-cv-06236-ODW(ASx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]** |

## I.  INTRODUCTION

Before the Court is Plaintiff Ankine Atamian's Motion to Remand. (ECF No. 14.)  In her Motion, Atamian invokes 28 U.S.C. § 1445(c) to argue that this case is nonremovable since two of her claims arise under California workers' compensation law.  This Court recently addressed this very same issue in *Ramirez v. Saia, Inc.*, No. 2:14-cv-04590-ODW(JCx), 2014 WL 3928416 (C.D. Cal. Aug. 12, 2014), and finds the facts and circumstances of this case indistinguishable.  In accordance with the decision in *Ramirez* and for the reasons discussed below, the Court **DENIES** Atamian's Motion to Remand.[1]  (ECF No. 14.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.  FACTUAL BACKGROUND

Atamian initiated this action in Los Angeles County Superior Court on May 9, 2014, asserting seven state-law claims against Defendants Inland Community Bank, N.A. ("ICB") and AmericanWest Bank ("AWB").  (Not. of Removal ¶¶ 1–2.)  Atamian alleges employment discrimination and retaliation based on an alleged disability—psychiatric injuries—suffered due to her employment environment.  (*See* Compl. ¶ 9.)  Among her claims, and relevant to this Motion, are claims for (1) retaliation under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–96, and (2) wrongful termination in violation of public policy.  (Compl. ¶¶ 45–53, 60–66.)

Atamian, a California resident, began working at ICB in January 2005.  (*See id.* ¶ 8.)  She alleges that from November 16, 2010, through November 16, 2011, she suffered "cumulative psychiatric injuries as a result of her employment environment." (*Id.* ¶ 9.)  Atamian filed a workers' compensation claim for these injuries on December 28, 2011.  (*Id.* ¶ 10.)  She was then placed on a medical leave of absence in March 2012.  (*Id.* ¶ 11.)  Atamian alleges that she was able to return to work on May 1, 2012, with reasonable accommodations; however, according to Atamian, her employer failed to accommodate her disability and she remained on leave.  (*Id.* ¶ 12.)  Atamian claims that she was scheduled to return to work on June 15, 2012, but was informed in a letter dated May 18, 2012, that her employment had been terminated because her position could not be held open until her return date.  (*Id.* ¶ 13.)

ICB and AWB merged as of November 1, 2012, after which ICB ceased to exist as a separate entity.  (Not. of Removal ¶ 27; Moomaw Decl. ¶ 7, Ex. A.)  AWB is incorporated in the state of Washington, with a principle place of business in Washington. (Not. of Removal ¶¶ 18–20; Moomaw Decl. ¶¶ 3–5.)  After being served with the Complaint, AWB filed its Answer in state court on August 5, 2014, and timely removed this action to federal court on August 9, 2014.  (ECF No. 1.)  Removal was based on diversity jurisdiction under 28 U.S.C. § 1332.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. But whenever it appears a matter is not properly before a federal court, a party may bring a remand motion. 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Most of Atamian's arguments in the Motion are focused on 28 U.S.C. § 1445(c), which prohibits removal of actions that arise under a state's workers' compensation laws. In addition, Atamian argues that AWB has not met its burden of establishing complete diversity. The Court addresses the issue of complete diversity first, and then turns to the § 1445(c) arguments.

**A. Complete Diversity**

Atamian contends there is a lack of complete diversity in this case because ICB is a citizen of California and AWB's evidence of a merger is insufficient to establish that ICB is no longer a separate legal entity. (Mot. 12–13.) But the Court is satisfied

that AWB has met its burden to establish complete diversity. *See Gaus*, 980 F.2d at 566.

In its Notice of Removal, AWB proffered evidence from its Executive Vice President of Human Resources that AWB and ICB merged as of November 1, 2012. (Moomaw Decl. ¶ 7, Ex. A.) Following the merger, ICB ceased to operate as a separate entity. (*Id.*) Under the time-of-filing rule, all challenges to diversity jurisdiction are measured at the time the action was filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Here, the action was filed after the merger between AWB and ICB. Moreover, the effect of a merger is that one entity's separate existence ceases. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (citing Cal. Corp. Code § 1107(a)). Atamian suggests that AWB's evidence is insufficient because the merger documents were filed in Washington and not with the California Secretary of State. This argument simply holds no weight. ICB—as evidenced by the entity's name—was a national banking association. It may have been a citizen of California when it was still in existence, but that did not require reporting to the Secretary of State when it ceased to exist.

For these reasons, the Court finds that AWB has satisfied the complete-diversity requirement for subject-matter jurisdiction under 28 U.S.C. § 1332.

**B.     Section 1445(c)**

Atamian also moves to remand this action to state court by arguing that his claims for retaliation under FEHA and wrongful discharge in violation of public policy arise under California workers' compensation law. Atamian alleges in her Complaint that the filing of her workers' compensation claim resulted in her termination. (*See* Compl. ¶¶ 48–49, 62–63.)

While a defendant may generally remove any action that satisfies the requirements of federal question or diversity jurisdiction, 28 U.S.C. § 1441(a), Congress has established that certain actions are nonremovable, § 1445. This includes a "civil action in any State court arising under the workmen's compensation laws of

such State." § 1445(c). Section 1445(c) does not define what types of actions involve "workmen's compensation laws" and the issue is a matter of unsettled law, particularly with respect to wrongful-discharge claims. But this Court has settled the issue recently in *Ramirez v. Saia, Inc.*, No. 2:14-cv-04590-ODW(JCx), 2014 WL 3928416 (C.D. Cal. Aug. 12, 2014), and finds no reason to diverge from its findings in this nearly identical action.

The Court refers to and incorporates its findings and analysis in *Ramirez* here. As in *Ramirez*, Atamian's wrongful-discharge-in-violation-of-public-policy claim is a common-law tort claim, known as a *Tameny* claim in California. *See Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980). A wrongful-discharge tort claim must tether the public policy allegedly violated to some statutory or constitutional provision. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 79 (1998). Atamian, just like the plaintiff in *Ramirez*, has tethered her wrongful-discharge tort claim to California Labor Code section 132a[2]. But this Court found in *Ramirez* that a *Tameny* claim tethered to section 132a does not "arise under" California workers' compensation law. For the reasons articulated in *Ramirez*, the Court finds that Atamian's wrongful-discharge claim also does not "arise under" California workers' compensation law.

Atamian attempts to distinguish this case from *Ramirez* by pointing to her FEHA retaliation claim, which is premised on her theory that her employer retaliated against her for filing a workers' compensation claim. But the Court finds that the connection between Atamian's FEHA retaliation claim and California workers' compensation law is even more attenuated. While filing a workers' compensation claim may constitute protected activity for a FEHA retaliation claim, the retaliation claim does not require this Court to adjudicate Atamian's workers' compensation benefits. In fact, Atamian's workers' compensation claim does not even have to be valid for her to recover under her claim for retaliation. *Yanowitz v. L'Oreal USA, Inc.*,

---

[2] Section 132a protects employees who have filed a workers' compensation claim from employer discrimination.

36 Cal. 4th 1028, 1042 (2005) ("It is well established that a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory, even when a court later determines the conduct was not actually prohibited by FEHA."). Accordingly, the Court finds that Atamian's FEHA retaliation claim also does not "arise under" California workers' compensation law. *Cf. U.S. Fidelity & Guar. Co. v. Lee Investments, LLC*, 641 F.3d 1126, 1132 (9th Cir. 2011) (holding that a case about whether an employer obtained an insurance policy through misrepresentation did not "arise under" California workers' compensation law because it "did not involve adjudication of the Employee's workers' compensation benefits").

In seeking a different result from *Ramirez*, Atamian relies heavily on *Names v. Lee Publ'ns, Inc.*, No. 09cv0132 BEN (CAB), 2009 WL 3008296 (S.D. Cal. Sept. 21, 2009)—an unpublished, out-of-district decision—where the court remanded an action involving claims for wrongful discharge in violation of public policy and retaliation under FEHA. But as the Court noted above, and extensively in *Ramirez*, this is an issue of unsettled law with no binding Ninth Circuit precedent. District courts in California have reached different results, but this Court finds ample (and more recent) support for its position. *See, e.g.*, *Talbott v. Target Corp.*, No. 8:11-cv-1705-JST (RNBx), ECF No. 13 (C.D. Cal. Jan. 20, 2012) (disagreeing with *Names* and denying a motion to remand where plaintiff brought a *Tameny* claim and a FEHA retaliation claim); *Morra v. Ryder Truck Rental, Inc.*, No. 1:11cv01992 AWI (DLB), 2012 WL 486957, at *5–6 (E.D. Cal. Feb. 14, 2012) (same). Moreover, Atamian misrepresents the *Names* decision by attempting to distinguish a claim for retaliation under FEHA from a *Tameny* claim tethered to California Labor Code section 132a. (*See* Mot. 4–7.) The court in *Names* expressly stated that no such distinction exists. *See* 2009 WL 3008296, at *3 ("The fact that Plaintiff brings his retaliation under FEHA does not alter the analysis.") This Court disagrees with *Names* and sees no reason to alter course from its very recent decision in *Ramirez*.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Atamian's Motion to Remand. (ECF No. 14.)

**IT IS SO ORDERED.**

November 6, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**